**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Wiele,<br><br>              Plaintiff,<br><br>       vs.<br><br>Verdes Family Investment Partnership, L.P.,<br><br>              Defendant. | No. CV-14-00055-PHX-PGR<br><br>ORDER |

Defendant Vedres Family Investment Partnership, L.P., removed this action on January 13, 2014 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed Defendant's Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the defendant has not met its jurisdictional pleading burden because the notice of removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of either party. In order to cure this jurisdictional deficiency, the Court will require the defendant to file an amended notice of removal that properly and affirmatively alleges the citizenship of both named parties. *See* 28 U.S.C. § 1653. The defendant is advised that its failure to timely comply with this Order will result in the remand of this action without further notice for lack of subject matter

jurisdiction.

First, the jurisdictional allegation regarding the plaintiff is deficient because the notice of removal merely alleges that "plaintiff is a resident of Maricopa County, Arizona." An allegation of residency is insufficient as a matter of law under § 1332 because, as the Supreme Court has made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[Defendant's] notice of removal ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state citizenship was fatal to [the] assertion of diversity jurisdiction.")

Second, the jurisdictional allegation regarding the defendant is deficient as a matter of law because the notice of removal merely alleges that "Defendant is a California limited partnership with its principal place of business in California." The Supreme Court has also made clear that the citizenship of a partnership for § 1332 purposes is the citizenship of each its general and limited partners.[1]  See Carden v. Arkoma Associates, 494 U.S. 185 (1990). The amended notice of removal must thus specify each general and limited partner of the defendant by name, and must

---

[1] Since only a corporation or an individual may be a citizen for purposes of diversity of citizenship jurisdiction, the amended notice of removal must set forth any sub-layers of partners or members that the defendant may have. See Hart v. Terminex International, 336 F.3d 541, 543 (7th Cir.2003).

specify that partner's state of citizenship.  Therefore,

IT IS ORDERED that defendant Vedres Family Investment Partnership, L.P. shall file an amended notice of removal in compliance with this Order no later than **January 22, 2014**.

DATED this 13th day of January, 2014.

_____
Paul G. Rosenblatt
United States District Judge